Counsel for Plaintiffs
McCarthy Weisberg Cummings, P.C.
2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON SMITH, TODD BERDANIER and NICK HEINER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BELL-MARK TECHNOLOGIES CORPORATION,<br><br>Defendant. | Case No..: _____<br><br><br>COMPLAINT - COLLECTIVE AND CLASS ACTION<br><br><br>**JURY TRIAL DEMANDED**<br><br>*Electronically Filed* |

# THIS FIRM IS A DEBT COLLECTOR AND WE ARE ATTEMPTING TO COLLECT A DEBT OWED TO OUR CLIENTS.  ANY INFORMATION OBTAINED FROM YOU WILL BE USED FOR THE PURPOSE OF COLLECTING THE DEBT.

## COLLECTIVE AND CLASS ACTION COMPLAINT

BRANDON SMITH, TODD BERDANIER and NICK HEINER ("Mr. Smith," "Mr. Berdanier" and "Mr. Heiner" or "Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through undersigned counsel, McCarthy Weisberg Cummings, P.C., hereby file this Collective and Class Action Complaint ("Complaint") against BELL-MARK TECHNOLOGIES CORPORATION ("Bell-Mark" or "Defendant"), and allege violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.101 *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 *et seq.* ("PWPCL"), as well as common law claims of conversion and unjust enrichment, as follows:

### PARTIES

#### A.  Named Plaintiffs

1.      Mr. Smith was employed as a Field Service Technician at Bell-Mark from in or about May 2017 to in or about August 2017.  Mr. Smith is a resident of the Commonwealth of Pennsylvania, residing at 1701 Taxville Road, Apartment 15G, York, York County, Pennsylvania.  Mr. Smith's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit A.

2.     Mr. Berdanier was employed as a Field Service Technician at Bell-Mark from in or about March 2017 to in or about June 2017.  Mr. Berdanier is a resident of the Commonwealth of Pennsylvania, residing at 313 Lincoln Street, Rear, Marysville, Perry County, Pennsylvania.  Mr. Berdanier's consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit B.

3.     Ms. Heiner was employed as a Field Service Technician at Bell-Mark from in or about April 2003 to in or about August 2017.  Mr. Heiner is a resident of the Commonwealth of Pennsylvania, residing at 423 Waldorf Drive, York, York County, Pennsylvania.  Mr. Heiner' consent to join the collective action aspect of this lawsuit is attached to Named Plaintiffs' Complaint as Exhibit C.

4.     At all times relevant to this Complaint, Mr. Smith, Mr. Berdanier, Mr. Heiner, and all those similarly situated were "employees" of Bell-Mark for purposes of the FLSA, PMWA, and PWPCL, and were individual employees engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206 and 207.

**B.     <u>Defendant</u>**

5.     Bell-Mark is a business corporation formed under the laws of the Commonwealth of Pennsylvania, with a registered business address and principal place of business of 4500 West Canal Road, Dover, York County, Pennsylvania ("Dover Facility").

6.     At all times relevant to this Complaint, Bell-Mark has been engaged in the textile machine manufacturing industry at its Dover Facility and maintains its corporate headquarters in Pine Brook, New Jersey.

7.     At all times relevant to this Complaint, Bell-Mark has been an employer within the meaning of the FLSA, PMWA, and PWPCL.

8.     At all times relevant to this Complaint, Bell-Mark has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

9.     At all times relevant to this Complaint, Bell-Mark has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.   29 U.S.C. § 203(s)(1).

10.     Bell-Mark has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

11.     The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions.  Subject matter jurisdiction over Plaintiffs' claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12.     The PMWA and PWPCL each provide for a private right of action to enforce their provisions.    This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

13.     Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because Defendants do business in this district, operate a business facility in this district, and substantial unlawful conduct giving rise to the claims set forth in this Complaint occurred in this district.

## BACKGROUND

14.     Plaintiffs were Field Service Technicians at Bell-Mark and not paid overtime wages during the limitations period.

15.     Bell-Mark has willfully violated the FLSA, related federal regulations, and Pennsylvania wage and hour laws through their failure to properly pay Plaintiffs and others similarly situated for all overtime hours they have worked.  In particular, Plaintiffs often worked in excess of forty (40) hours per week, and in such cases Bell-Mark did not pay Plaintiffs additional compensation of, at least, the legally mandated rate.  Specifically, Bell-Mark forced Plaintiffs to work beyond their shift end time without pay.  Bell-Mark knew and has been aware at all times that Plaintiffs regularly worked in excess of forty (40) hours per week, and yet failed to pay them for all overtime hours they worked.

16.   In addition to the above violations of federal and state laws, Bell-Mark's above actions constitute unlawful conversion because Defendants have improperly and intentionally diverted and retained monies owned by Plaintiffs.

17.   Further, in violation of federal and state laws, including without limitation, the FLSA and Pennsylvania wage and hour laws, Bell-Mark did not post employees' rights posters and/or provide any required notices to employees regarding their rights under such laws.   These actions demonstrate Bell-Mark's willful, malicious, and knowing violations of the federal and state laws addressed herein.

18.   Named Plaintiffs and all similarly situated current and former employees, shared similar duties and compensation, and were subjected to Bell-Mark's common plan of depriving them overtime pay.

19.   With respect to Named Plaintiffs' FLSA claims, Named Plaintiffs seek to represent a collective class (the "FLSA Class") that is comprised of and defined as:

> All non-exempt persons employed by Bell-Mark Technologies Corporation during the applicable statute of limitations period who were required to work more than forty (40) hours per week without being paid at overtime rates.

20.   This action is being brought as a collective action under the FLSA, 29 U.S.C. § 216(b) because Named Plaintiffs and the FLSA Class are similar in that they all: (a) had similar duties; (b) performed similar tasks; (c) were not paid

overtime compensation; and (d) were not subject to individualized circumstances that impact their right to recover the damages sought herein.

21.     Named Plaintiffs bring the PMWA and PWPCL statutory claims, and the common law claims for breach of oral contract and unjust enrichment, pursuant to Fed. R. Civ. P. 23 on behalf of a class (the "State Class") defined as:

> All non-exempt persons employed by Bell-Mark Technologies Corporation during the applicable statute of limitations period who were required to work more than forty (40) hours per week without being paid at overtime rates.

22.     The State Class as defined above is identifiable.  The Named Plaintiffs are members of the State Class.

23.     The State Class, upon information and belief, consists of numerous individuals, both current and former employees of Bell-Mark, and is thus so numerous that joinder of all members is impracticable.

24.     Furthermore, members of the State Class still employed by Bell-Mark may be reluctant to raise individual claims for fear of retaliation.

25.     There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual members of the Class.  The predominating common questions include, but are not limited to:

a.      Did Bell-Mark fail to pay overtime for all hours worked in excess of forty (40) hours per workweek in violation of the FLSA and PMWA;

b.     Did Bell-Mark's failure to pay employees all wages owed upon termination violate the PWPCL;

c.     Did Bell-Mark's failures to timely and fully pay employees all wages owed violate the PWPCL;

d.     Did Bell-Mark act willfully, intentionally, and maliciously in failing to pay overtime in violation of the FLSA and PMWA; and

e.     Was Bell-Mark unjustly enriched by not paying overtime wages for all hours worked in excess of forty (40) hours per workweek?

26.    The prosecution of the separate actions by individual members of the State Class would create a risk of establishing incompatible standards of conduct for Bell-Mark, within the meaning of Fed. R. Civ. P. 23 (b)(1)(A).

27.    The claims of Named Plaintiffs are typical of the claims of each member of the State Class, within the meaning of Fed. R. Civ. P. 23(a)(3), and are based on and arise out of identical facts constituting the wrongful conduct of Bell-Mark.

28.    Named Plaintiffs will fairly and adequately protect the interests of the FLSA Class and the State Class.  Plaintiffs, the FLSA Class, and the State Class have retained counsel experienced and competent in class actions and complex employment litigation.

29.    Named Plaintiffs have no conflict of interest with the State Class.

30.     Named Plaintiffs are able to fairly and adequately represent and protect the interest of the members of the FLSA Class and the State Class. Plaintiffs' counsel is competent and experienced in litigating class actions.

31.     The common questions of law and fact enumerated above predominate over questions affecting only individual members of the State Class, and a class action is the superior method for fair and efficient adjudication of the controversy, within the meaning of Fed. R. Civ. P. 23(b)(3).  The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

32.     There are no unusual difficulties in the management of this case as a class action.

33.     The books and records of Bell-mark are material to Plaintiffs' case as they disclose the hours worked and wages paid to members of the State Class.

## COUNT I

## VIOLATIONS OF THE FLSA
### (Overtime)

34.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

35.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

36.    Plaintiffs and others similarly situated are "employees" and Defendants are collectively and individually their "employer" covered under Section 203 of the FLSA.

37.    The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 207(a)(1).

38.    Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations.  None of the FLSA exemptions apply to Plaintiffs.  29 U.S.C. § 213.

39.    As set forth above, Defendant failed to pay Plaintiffs and others similarly situated the failed to pay Plaintiffs the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 29 U.S.C. §§ 207(a) and 215(a)(2).  Overtime pay is, therefore, due and owing to Plaintiffs and others similarly situated.

40.    Defendant's failures to pay Plaintiffs overtime at one and one-half times (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek was willful, intentional, and malicious.

41.     Defendant violated the FLSA by failing to pay for overtime.  In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by its employees.

42.     Plaintiffs are entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

43.     Defendant has not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).   Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

44.     As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs.   Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Named Plaintiffs, Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated, and all those opting into this lawsuit, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count I as a collective action pursuant to 29 U.S.C. § 216(b);

(b)     Order Defendant to file with this Court and furnish to counsel a list of all names and addresses of all Bell-Mark employees who were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period;

(c)     Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former employees of Bell-Mark who Defendant required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, informing them that this action has been filed, the nature of the action, and of their right to opt-in to this lawsuit if they were required to work more than forty (40) hours per week without being overtime during the applicable statute of limitations period;

(d)     Enter judgment in favor of Plaintiffs and all those opting into this lawsuit and against Defendant for violations of the FLSA's overtime requirements;

(e)     Award Plaintiffs and all those opting into this lawsuit their unpaid overtime wages, in an amount to be shown at trial;

(f)     Award Plaintiffs and all those opting into this lawsuit an additional equal amount as liquidated damages;

(g)     Award Plaintiffs and all those opting into this lawsuit pre- and post-judgment interest at the legal rate;

(h)     Award Plaintiffs and all those opting into this lawsuit their costs and reasonable attorneys' fees in bringing this action;

(i)     Enter an Order enjoining Defendant from future violations of the overtime wage provisions of the FLSA; and

(j)     Award Plaintiffs and all those opting into this lawsuit any other relief this Court or a jury deems appropriate.

## COUNT II

## VIOLATIONS OF THE PMWA
### (Overtime)

45.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

46.    Defendant is an "employer" as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, liquidated damages and reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq.*

47.    As set forth above, Defendant violated the overtime provisions of the PMWA as they failed to pay Plaintiffs the required one and one-half times (1½) times for each hour worked in excess of forty (40) hours in a workweek, in violation of 43 Pa.C.S. § 333.104(c).  Overtime pay is, therefore, due and owing to Plaintiffs and others similarly situated.

48.    As set forth above, Defendant further violated the PMWA through their failures to properly inform Plaintiffs and the State Class members of the applicable sections of the PMWA, which have prevented Plaintiffs and the State Class members from retaining all wages owed.  43 Pa.C.S. § 333.103(d)(1).

49.    Defendant's failures to pay Plaintiffs overtime at one and one-half times (1½) times Plaintiffs' regular rate of pay for all hours worked over forty (40) hours in a workweek and to properly inform Plaintiffs and the State Class members of the applicable sections of the PMWA and was willful, intentional, malicious and not in good faith.

50.     The total amount of compensation due to Plaintiffs by Defendant constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

51.     Defendant's failure and refusal to pay overtime wages was willful, intentional, and not in good faith.

WHEREFORE, Named Plaintiffs, Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count II as a class action;

(b)     Enter judgment in favor of Plaintiffs and all members of the State Class and against Defendant for violations of the PMWA's overtime requirements;

(c)     Award Plaintiffs and all members of the State Class their unpaid overtime wages who were required to work more than forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all members of the State Class liquidated damages as provided under Pennsylvania law;

(e)     Award Plaintiffs and all members of the State Class pre- and post-judgment interest at the legal rate;

(f)     Award Plaintiffs and all members of the State Class their costs and reasonable attorneys' fees in bringing this action;

(g)     Enter an Order enjoining Defendant from future violations of the overtime provisions of the PMWA; and

(h)     Award Plaintiff any other relief this Court or a jury deems appropriate.

## COUNT III

### VIOLATIONS OF THE PWPCL
### (Failure to Pay Full Overtime Wages)

52.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

53.     Defendant is an "employer" as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of salary and/or wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq.*

54.     Plaintiffs and all State Class members are entitled to be paid one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, as provided by, *inter alia*, 29 U.S.C. § 207(a) and 43

Pa.C.S. § 333.104(c).  The failure to pay said wages constituting a violation of the FLSA and PMWA.

55.     Defendant has failed to pay Plaintiffs and all State Class members one and one-half times (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek, in violation of the FLSA and PMWA. Defendant has, therefore, failed to regularly pay Plaintiffs and all State Class members for all earned wages from the date they were first employed, through and including the present, in violation of the PWPCL.  Accordingly, wages in the form of overtime pay are due and owing to Plaintiffs and all State Class members pursuant to Section 260.3(a) of the PWPCL.  Further, Defendant has violated the PWPCL through their failure to pay the Named Plaintiffs and other similarly situated State Class members all wages due for work they performed upon their termination of employment pursuant to Section 260.5(a) of the PWPCL.

56.     The total amount due to Plaintiffs and all State Class Members by Defendant constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

57.     In accordance with Section 260.10 of the PWPCL, by reason of Defendant's actions, Plaintiffs and all State Class Members are entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

58.     In accordance with Section 260.9a of the PWPCL, by reason of Defendant's actions, Plaintiffs and all State Class Members are entitled to reasonable attorneys' fees associated with this action.

59.     The wages withheld from Plaintiffs and all State Class members were not the result of any bona fide dispute.

WHEREFORE, Named Plaintiffs, Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count III as a class action;

(b)     Enter judgment in favor of Plaintiffs and all State Class members and against Defendant for failing to pay wages in violation of the PWPCL;

(c)     Award Plaintiffs and all State Class members liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due, in an amount to be shown at trial;

(d)     Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)     Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(f)     Enter an Order enjoining Defendant from future violations of the wage provisions of the PWPCL; and

(g)     Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT IV

## BREACH OF ORAL CONTRACT

60.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

61.     The relevant time period for this cause of action begins at least four (4) years before the date on which the Complaint was filed.

62.     At different times, Defendant, through its employees/managers and/or agents, made oral offers of employment to Plaintiffs and the State Class, the terms of which did not vary between members of the class, i.e., that Plaintiffs and the State Class would be paid at a fixed hourly rate for all work performed on behalf of Defendant.

63.     Plaintiffs and the State Class, in justifiable reliance upon Defendant's oral promises to pay them for all time worked on behalf of Defendant, accepted Defendant's oral offers of employment.

64.     Pursuant to their oral agreement with Defendant, Plaintiffs and the State Class performed work as Field Service Technicians on behalf of and for the

benefit of Defendant during the Class period, including travel, before, during and/or after their paid shift.

65.     However, Defendant breached their oral contract with Plaintiffs and the State Class by deliberately failing to pay Named Plaintiff and the Class for all hours worked on behalf of Defendant.

66.     Accordingly, Plaintiffs and the State Class are entitled to judgment in an amount equal to the time worked on behalf of Defendant.

WHEREFORE, Named Plaintiffs, Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count IV as a class action;

(b)     Enter judgment in favor of Plaintiffs and all State Class members and against Defendant for failing to pay wages in breach of their oral contract(s);

(c)     Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(d)     Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action;

(e)     Enter an Order enjoining Defendant from future breach of these oral contract(s); and

(f)     Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## COUNT V

### UNJUST ENRICHMENT

67.     Plaintiffs incorporate all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

68.     Defendant's willful decision not to pay overtime wages conferred a benefit upon Defendant, who as Defendant, retained a monetary benefit from not having to pay these wages.

69.     Defendant appreciates and knows of the benefit conferred upon them by requiring Plaintiffs and all State Class members to work in excess of forty (40) in a workweek without paying overtime wages.

70.     Defendant has accepted and retained the benefit of the overtime wages they unlawfully withheld from Plaintiffs and all State Class members.  Defendant's wrongful acceptance and retention of such monies makes it inequitable for them to retain the benefit of these monies without paying these overtime wages to Plaintiffs and all State Class members.

WHEREFORE, Named Plaintiffs, Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated, respectfully request that this Honorable Court enter Judgment in their favor and against Defendant, Bell-Mark Technologies Corporation, as follows:

(a)     Certify Count V as a class action;

(b)     Enter judgment in favor of Plaintiffs and all State Class members and against Defendant for unjust enrichment;

(c)     Award Plaintiffs and all State Class members damages in the form of the monies for the hours they were required to work in excess of forty (40) hours per week without being paid at overtime rates during the applicable statute of limitations period, in an amount to be shown at trial;

(d)     Award Plaintiffs and all State Class members pre- and post-judgment interest at the legal rate;

(e)     Award Plaintiffs and all State Class members their costs and reasonable attorneys' fees in bringing this action; and

(f)     Award Plaintiffs and all State Class members any other relief this Court or a jury deems appropriate.

## <u>JURY DEMAND</u>

Plaintiffs and all members of the FLSA and State Classes demand a trial by jury on all issues triable to a jury as a matter of right.


Respectfully submitted,

McCarthy Weisberg Cummings, P.C.

September 8, 2017      /s/ Derrek W. Cummings
Date

Derrek W. Cummings
Bar I.D. No.:  PA 83286
dcummings@mwcfirm.com

Larry A. Weisberg
Bar I.D. No.:  PA 83410
lweisberg@mwcfirm.com

Steve T. Mahan
Bar I.D. No.:  PA 313550
smahan@mwcfirm.com

2041 Herr Street
Harrisburg, PA 17103-1624
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiffs*