IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDON SMITH, TODD BERNDANIER, and NICK HEINER, individually and on behalf of others similarly situated, | Case No. 1:17-cv-01600 |
| | (Chief Magistrate Judge Schwab) |
| Plaintiffs, | |
| vs. | **AMENDED STIPULATION OF SETTLEMENT** |
| BELL-MARK TECHNOLOGIES CORPORATION, | |
| Defendant. | |

This Amended Stipulation of Settlement is made and entered by and between Plaintiffs Brandon Smith, Todd Berdanier, and Nick Heiner on behalf of themselves and each Participating Collective Action Member and Defendant Bell-Mark Technologies Corporation ("Bell-Mark" or "Defendant").

## I.    THE LAWSUIT

1.      Bell-Mark is in the business of manufacturing specialty printers and providing printing solutions for packaging in the medical device, pharmaceutical, and food industries.

2.      Plaintiffs Brandon Smith, Todd Berdanier and Nick Heiner (collectively "Plaintiffs") were formerly employed by Bell-Mark as Field Service Technicians.

3.      On September 8, 2017, Plaintiffs filed a class and collective action complaint against Bell-Mark, claiming that they were misclassified as exempt, and

EXHIBIT A

were not paid overtime for hours worked in excess of forty (40) per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §1 *et seq.*, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §260.1 *et seq,* and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.101 *et seq.* ("the Lawsuit).

4.     On November 2, 2017, another former Field Service Technician, Earl Haley, who was represented by different counsel, filed a separate, single plaintiff lawsuit alleging the same claim, in addition to a retaliation claim, *Earl Haley v. Bell-Mark Technologies Corporation*, Middle District of Pennsylvania Case No. 1:17-cv-01775-CCC ("Haley Lawsuit").   The Haley Lawsuit has since been settled.  A joint, unopposed motion for approval of that settlement was filed under seal on January 11, 2019, and was ultimately approved by  this Court.

5.     On May 29, 2018, Plaintiffs and Bell-Mark ("the Parties") attended mandatory mediation in this case.  A settlement was not reached that day, but the Parties continued to negotiate and exchange information thereafter.

6.     Effective June 1, 2018, the Parties entered into a tolling agreement while they continued to negotiate a resolution.

7.     Thereafter, the Parties reached a settlement, which was memorialized in a Stipulation of Settlement filed with the Court on April 8, 2019, and which after

review by the Court, is further memorialized in this Amended Stipulation of Settlement (hereinafter the "Settlement").

## II.     THE PARTIES' POSITIONS

8.      Plaintiffs claim that in their role as Field Service Technicians, they perform manual, production work for clients that does not involve the exercise of discretion and judgment.  As such, they claim that they are non-exempt and are entitled to overtime for all hours worked in excess of forty (40) hours per workweek.

9.      Bell-Mark disputes that Plaintiffs were misclassified, as the Field Service Technician position falls within the administrative exemption.  Bell-Mark claims that Plaintiffs were paid on a salary basis above the threshold level, their primary job was the performance of non-manual work directly related to the general business operations of Bell-Mark's customers (installing and servicing customers' printers), and they exercised sufficient discretion and independent judgment in carrying out their duties.  29 U.S.C. §213(a)(1); 29 CFR §541.200(a); *e.g. Cruz v. Lawson Software, Inc.*, 764 F.Supp.2d 1050 (D.Minn. 2011) (company consultants who installed and upgraded software products and trained clients held exempt under the administrative exemption); *Bagwell v. Florida Broadband, LLC*, 385 F. Supp.2d 1316 (S.D. Fla. 2005) (internet service field technician held exempt under the administrative exemption).

10.     In addition, Bell-Mark claims that even were Plaintiffs misclassified (which they were not), a significant portion of the overtime hours claimed by them are not compensable.  Under the FLSA, travel between home and work at fixed or different locations is not compensable, nor is travel away from home outside of regular working hours on work or non-work days as a passenger on an airplane, train, boat, bus or car.  29 C.F.R. §785.35-.39.  Under the PMWA, travel that is not part of the employees' duties and occurs outside of normal work hours is not compensable under the PMWA.  *Espinoza v. Atlas R.R. Constr. LLC*, No. 16-1413 (3d Cir. Nov. 30, 2016).

11.     Bell-Mark also disputes Plaintiffs' contract-based claims.  Bell-Mark argues that Plaintiffs cannot state a claim under the WPCL, as the WPCL exists to enforce contractual, not statutory (PMWA or FLSA) rights.  *E.g. Drummond v. Herr Foods, Inc.*, 2014 U.S. Dist. LEXIS 2409, *3-10 (E.D. Pa. Jan. 9, 2014) (J. Schiller) (examining precedent and concluding that a contract is required to state a WPCL claim).  Bell-Mark also disputes that there any basis for a breach of contract or unjust enrichment claim – overtime is a statutory right and Plaintiffs point to no contract under which they were promised overtime.

12.     Bell-Mark further disputes Plaintiffs' class action allegations because there have been fewer than twenty-five (25) individuals in the putative class, and as such, Bell-Mark believes that Plaintiffs will not be able to establish numerosity

under Fed. R. Civ. P. 23.  *E.g. Stewart v. Abraham*, 275 F.3d 229, 226-27 (3d Cir. 2009) (generally, a putative class of 40 is sufficient to establish numerosity; smaller groups of putative plaintiffs can intervene in the matter via joinder).

13.    Notwithstanding these arguments, Bell-Mark agreed to settle the Lawsuit in the manner and upon the terms set forth in this Settlement in order to avoid the expense, burden and risk of litigation.

14.    Plaintiffs also recognize the expense, burden and risk associated with litigating this action through trial and any possible appeals.  In light of these considerations, Plaintiffs have concluded that the Settlement is a fair and reasonable resolution.

15.    The Parties desire to fully and finally resolve any and all disputes regarding any and all of the claims of Plaintiffs, and the Participating Collective Action Members without the expense of further litigation, and to set forth their complete agreement and release of claims.

## III.    DEFINITIONS

16.    "Defendant" or "Bell-Mark" means Bell-Mark Technologies Corporation.

17.    "Effective Date" means the date on which the Court enters final approval of the Settlement.

18.     "Notice of Settlement" means the notice explaining the terms of the Settlement to be directed to the Putative Collective Action Members, which shall be substantially in the form of **Exhibit 1** attached hereto.

19.     "Other Released Parties" means any affiliate of Bell-Mark, including Bell-Mark Sales Co., Inc., and their and Bell-Mark's respective parents, subsidiaries, and affiliates, and any and all of their respective officers, directors, owners, members, shareholders, employees, attorneys, agents, heirs, successors and assigns.

20.     "Putative Collective Action Member" means any of Bell-Mark's current or former employees who were employed as a Field Service Technician who traveled to client sites during any workweek from June 1, 2016 to April 1, 2019.[1]   However, the relevant time period for Plaintiffs Smith, Berdanier, and Heiner dates back to September 9, 2014, which is three (3) years before September 8, 2017, when they filed this Lawsuit.

21.     "Participating Collective Action Members" means all Putative Collective Action Members who opt into the Settlement in accordance with the procedures described below and in the Notice of Settlement attached hereto as **Exhibit 1**.

---

[1] June 1, 2016 is two (2) years prior to the date of the Parties' tolling agreement on June 1, 2018. April 1, 2018 is one week before April 8, 2018, when the original Stipulation of Settlement was filed with the Court.

22.     "Plaintiffs' Counsel" refers to:   Derrek W. Cummings, Esq. and Larry A. Weisberg, Esq., Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA 17110-9380.

23.     "Released Claims" means any and all claims alleging violation of federal, state and/or local statute, regulation, ordinance or common law relating to the payment of wages or overtime in connection with the employment with Defendant Bell-Mark that were raised or could have been raised in the Lawsuit, including any associated claims for wages, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any either item of damages, and/or attorneys' fees and costs through the date on which Defendant receives the Participating Collective Action Members' Consent to Join and Release (**Exhibit 1**), except that with respect to Plaintiffs Smith, Berdanier and Heiner, "Released Claims" is defined more broadly in their separate General Releases.

24.     "Settlement Payment" means the gross payment, subject to withholdings for wages, that each Putative Collective Action Member shall be eligible to receive under the terms of the Settlement, as indicated on **Exhibit 2**.

25.     "Settlement" means this Amended Stipulation of Settlement, including all exhibits hereto.

## IV.   SETTLEMENT TERMS

25.    Plaintiffs hereby voluntarily dismiss their class action allegations and any references to a class action, in light of the numerosity challenge and to facilitate settlement on an opt-in basis.

26.    The Settlement will become final and effective only when the Court enters an order granting final approval of the Settlement ("Effective Date").

27.    Defendant shall pay no more than the sum of Two Hundred Twenty Thousand Dollars and No Cents ($220,000.00) in complete settlement of this matter, as follows:

a.    <u>Payments to Participating Collective Action Members ($93,315)</u>.  Within fifty-eight (58) days after the Effective Date, Defendant shall pay no more than a total of Ninety-Three Thousand Three Hundred Fifteen Dollars and No Cents ($93,315.00) to Participating Collective Action Members.  This amounts to over $47 per workweek within the limitations period, which represents an additional half-time pay for approximately four (4) hours of overtime per week (over and above the salary they were already paid for such hours), based on an average regular rate during the limitations period of $22.38.  (See Exhibit 2 hereto).  As set forth in the motion for approval, this is a fair and reasonable compromise given Defendant's arguments that the Field Service Technicians were properly classified as

exempt and that after analysis of the Plaintiffs' expense reports, much of the travel time at issue is not compensable time under the travel time rules established under the FLSA and PMWA.

      i.    The payments date back to June 1, 2016, two (2) years prior to the Parties' tolling agreement, except with respect to the Named Plaintiffs, whose claims date back from September 8, 2017, the date of the filing of the Complaint.

      ii.    The Parties agree that under all the facts and circumstances of the case, this is a fair and reasonable resolution.

      iii.    Should any Putative Collective Action Member fail to opt in according to the procedures set forth below, any unclaimed amounts will revert to and remain the property of Defendant.

      iv.    Settlement payment checks shall remain valid and negotiable for at least ninety (90) days from the date of their issuance, after which they may be cancelled if not cashed by a Participating Collective Action Member within that time.  There will be no right of reversion of such un-cashed check amounts to Participating Collective Action Members.

      v.    One-half of the payment to each Participating Collective Action Member shall be considered wages and one-half shall be

considered interest and liquidated damages pursuant to 29 U.S.C. §216(b). Defendant will issue the appropriate tax forms to each Participating Collective Action Member. Participating Collective Action Members acknowledge that Defendant must report to the IRS (as well as state and local taxing authorities where applicable) the payments made to them under this Agreement, and that it is Plaintiffs' individual responsibility to make tax payments on these amounts, if applicable. Defendant shall withhold legally required payroll taxes from the portion of the Settlement amounts that constitutes wages, shall issue Plaintiffs and each Participating Collective Action Member an IRS Form W-2 indicating those amounts, and shall pay the appropriate tax authorities the employer portion of any and all payroll taxes required to be paid in connection with the wages portion of the payment. Defendant shall issue Forms 1099, with box 3 checked, in the amount of the liquidated damages payable to each Participating Collective Action Member. Defendant shall be solely responsible for all liabilities, assessments and penalties, if any, relating to the employer portion of payroll tax liabilities. Participating Collective Action Members shall be solely responsible for all other liabilities,

assessments and penalties, if any, relating to tax payments regarding individual payments to them.

b.      Payments to Plaintiffs ($20,000.00).   Within thirty (30) days after the Effective Date and subject to approval by the Court, Defendant shall pay up to a total of Twenty Thousand Dollars and No Cents ($20,000.00) in incentive payments to Plaintiffs Smith, Berdanier and Heiner as follows:   $10,000.00 to Plaintiff Smith for serving as the lead named plaintiff and for his work on behalf of others similarly situated, $5,000.00 to Plaintiff Heiner for serving as a named plaintiff and for the detailed records and information he provided that contributed to the resolution, and $5,000.00 to Plaintiff Berdanier for serving as a named plaintiff and for the records and information he provided that contributed to the resolution.   Such payments will be considered non-wages.   Defendant will issue a Form 1099 for each payment, and Plaintiffs acknowledge that Defendant must report to the IRS (as well as state and local taxing authorities where applicable) the payments made to them under this Settlement.   Plaintiffs agree that it is their individual responsibility to make tax payments on these amounts, if applicable, and they are solely responsible for all liabilities, assessments and penalties, if any, relating to tax payments regarding individual payments to them.

c.      Individual Settlements with Plaintiffs in Exchange for a General Release ($31,852.00).    Within thirty (30) days after the Effective Date and in exchange for general releases of all claims beyond those asserted in the Lawsuit to be signed by Plaintiffs Smith, Berdanier and Heiner, Defendant shall pay a total gross amount of Thirty-One Thousand Eight Hundred Fifty-Two Dollars and No Cents ($31,852.00) as follows: $1,030.00 to Plaintiff Berdanier; $13,320.00 to Plaintiff Smith; and $17,502.00 to Plaintiff Heiner.

d.      Payment of Plaintiffs' Attorneys' Fees and Costs ($74,833.00). Within thirty (30) days after the Effective Date and subject to approval by the Court, Defendant shall pay up to the total sum of Seventy-Four Thousand Eight Hundred Thirty-Three Dollars ($74,833.00) to Plaintiffs' Counsel, for their attorneys' fees ($73,333.00) and costs ($1,500.00), in the form of one check payable to Weisberg Cummings, P.C.  Such checks shall not be released until the undersigned counsel for Defendant receives signed waivers of attorneys' liens attached hereto as **Exhibit 3**.  The payment of attorneys' fees, costs and expenses shall be reported on IRS Forms 1099 and issued to Plaintiffs' counsel and also to Plaintiffs and Participating Collective Action Members, in amounts proportionate to the Settlement payments set forth in **Exhibit 2**.

28.     If the Court does not grant approval of the Settlement, or any mutually agreed upon amendment thereof, and the Effective Date does not occur, this Settlement shall be deemed void.

29.     The Parties agree that: Defendant shall have no obligation to segregate any monies to fund the payments contemplated by the Settlement; and (b) Defendant shall retain exclusive authority over and responsibility for those monies.

30.     Upon the receipt by Defendant of the Participating Collective Action Members' Consent to Join and Release attached to the Notice of Settlement of Collective Action Lawsuit (**Exhibit 1** hereto), the Participating Collective Action Members shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished and discharged Defendant and the Other Released Parties from any and all Released Claims, as defined above.

31.     Only Participating Collective Action Members shall be: (a) entitled to participate in the Settlement and receive a Settlement Payment; and (b) be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished and discharged Defendants and Other Released Parties from any and all Released Claims.

## VII.   MOTION FOR APPROVAL OF SETTLEMENT

32.   Within seven (7) business days of this Amended Stipulation of Settlement being executed, Plaintiffs shall file with the Court an unopposed motion for approval of the Settlement to be prepared by counsel for Plaintiffs and reviewed by Defendant's Counsel.  In conjunction with the unopposed motion for approval of the Settlement, the Parties shall request that the Court approve the Settlement terms, the content of the Notice of Settlement and the plan for administration of the Settlement payments and issue an Order dismissing the case, with prejudice.

33.   Also, within seven (7) business days of the Parties signing this Amended Stipulation of Settlement, Plaintiffs' Counsel shall file a motion seeking approval of their attorneys' fees and costs relating to their representation of Plaintiffs.  Defendant will not oppose this motion so long as it is consistent with the provisions of the Settlement.

## VIII.  PLAN OF SETTLEMENT ADMINISTRATION

34.   The Parties agree to cooperate in the Settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement.

35.   Within fourteen (14) calendar days after the Court issues an Order approving the Settlement, Defendant shall cause to be sent via U.S. mail, postage

pre-paid the Notice of Settlement attached hereto as **Exhibit 1** to the Putative Collective Action Members at their last known address according to Defendant's business records, except that Defendant shall first verify and/or skip trace as necessary the last known addresses of all former employees.  If any such mailing is returned as undeliverable with an indication of a more current address, Defendant will re-mail the Notice of Settlement to the new address.  If any such mailing is returned as undeliverable without any indication of a more current address, Defendant will undertake reasonable efforts to identify a current address and, if one is so identified, will re-mail the Notice of Settlement to the new address.

36.    At no time shall any of the Parties or their counsel discourage any Putative Collective Action Member from becoming a Participating Collective Action Member or encourage any Putative Collective Action Member to oppose the approval of the Settlement.

37.    As explained in the Notice of Settlement, Putative Collective Action Members shall have thirty (30) days to opt into the Settlement and become Participating Collective Action Members.

38.    Within fourteen (14) calendar days of the expiration of the thirty (30)-day period to opt into the Settlement, Defendant shall issue checks to each Participating Collective Action Member in the amounts set forth in the Notice issued.

## IX.    MISCELLANEOUS

39.    Neither this Settlement, nor any document referred to herein, nor any action taken to carry out this Settlement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendant or Other Released Parties of any fault, wrongdoing or liability whatsoever.

40.    Plaintiffs and Plaintiffs' Counsel agree that they will not issue any press release, answer any press inquiries or make any website or public social media postings (including blog posts, public Facebook postings, and the like, but not including private communications) regarding the terms of this Settlement or any portion thereof.

41.    As part of this Settlement, neither Defendant nor Other Released Parties shall be required to enter into any consent decree or be required to agree to any provision for injunctive or prospective relief.

42.    This Settlement shall be construed and enforced under the laws of the Commonwealth of Pennsylvania.

43.    This Amended Stipulation of Settlement may be executed in multiple counterparts with each constituting an original.

Dated:  October 1, 2019      WEISBERG CUMMINGS, P.C.

*/s/ Derrek W. Cummings*
Derrek W. Cummings, Esq.
Larry A. Weisberg, Esq.
WEISBERG CUMMINGS, P.C.
2704 Commerce Drive, Suite B
Harrisburg, PA 17110-9380
Telephone:  717.238.5707
Facsimile:  717.233.8133
dcummings@weisbergcummings.com
lweisberg@weisbergcummings.com

COUNSEL FOR PLAINTIFFS

Dated:  October 1,  2019      LITTLER MENDELSON, P.C.

*/s/ Martha J. Keon*
Martha Keon, Esq. PA Bar No. 207237
Denise M. Maher, Esq., PA Bar No. 306846
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102
Telephone: 267.402.3000
Facsimile: 267.402.3131
mkeon@littler.com

COUNSEL FOR DEFENDANT

# NOTICE OF SETTLEMENT
# OF COLLECTIVE ACTION LAWSUIT

*Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated v. Bell-Mark Technologies Corporation, United States District Court for the Middle District of Pennsylvania, Case No. 1:17-cv-01600*

**TO:**   **[FIRST NAME] [LAST NAME]**

**RE:**   **Settlement of Collective Action Lawsuit Seeking Overtime Compensation for Field Service Technicians**

## IMPORTANT LEGAL NOTICE:  PLEASE READ

## YOU MUST TAKE ACTION TO RECEIVE A SETTLEMENT PAYMENT

    1.      **Introduction.**  You have received this Notice because: **(a)** you are or were employed by Bell-Mark Technologies Corporation ("the Company") as a Field Service Technician between June 1, 2016 and April 1, 2019; **(b)** the above-referenced lawsuit has been brought to recover overtime pay for Field Service Technicians who traveled to client sites during that time period ("the Lawsuit"); **(c)** you qualify to participate in this Lawsuit; **(d)** the Lawsuit has been settled and approved by the Court ("the Settlement"); and **(e)** the Court has ordered that you are entitled to information to help you decide whether to participate in the Settlement.  Your portion of the Settlement is a gross amount of **[TOTAL GROSS PAYMENT]**, half of which is subject to withholdings for wages, which would be payable no later than [Forty-four (44) days after notice mailed].  The decision to participate in the Lawsuit and claim your portion of the Settlement is entirely up to you.  The Settlement will resolve all claims in the case.  Because your rights may be affected, you should read this Notice carefully.

    2.      **What Is A Collective Action?**  A collective action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding.  In order to proceed as a collective action, the group of people must show that they are similarly situated – e.g. that they have been impacted in the same or a similar way by an alleged policy or practice that may violate the Fair Labor Standards Act, 29 U.S.C. §216 ("FLSA").  This avoids the necessity for a large number of individual lawsuits and enables the court to resolve similar claims efficiently.  In a collective action, the court supervises the issuance of notice to individuals who are similarly situated and such individuals may opt in and thereby choose to participate in the Lawsuit, and any settlement of the Lawsuit.

**EXHIBIT 1**

3.      **What is this Case About?**   On September 8, 2017, three former Field Service Technicians brought this Lawsuit, claiming that they were misclassified as exempt, and were not paid overtime for hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. §216 ("FLSA"), the Pennsylvania Minimum Wage Act, 43 P.S. §333.101 *et seq.*, and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 *et seq.*   The Company denies these allegations, and disputes that Field Service Technicians are entitled to overtime, as they are classified as exempt under the administrative exemption.   29 U.S.C. §213(a)(1); 29 CFR §541.200(a); *e.g. Cruz v. Lawson Software, Inc.*, 764 F.Supp.2d 1050 (D. Minn. 2011) (consultants who installed and upgraded software products and trained clients held exempt under the administrative exemption); *Bagwell v. Florida Broadband, LLC*, 385 F. Supp.2d 1316 (S.D. Fla. 2005) (internet service field technician held exempt under the administrative exemption).

4.      **Settlement Terms.**   Following an intensive examination of the facts and law governing the alleged claims, a mediation session, and additional negotiations, Plaintiffs and the Company ("the Parties") settled the Lawsuit.  The Parties agreed to an early resolution, without trial, in order to avoid the risks, uncertainties, time and expense that would be required to litigate the claims of each potential collective action member. The Settlement does not mean that the Company violated any state or federal wage requirements or are liable for the same. Under the Settlement, the Company will pay up to a total of Two Hundred Twenty Thousand Dollars and No Cents ($220,000.00) to settle the claims of eligible collective action members who consent to join ("Participating Collective Action Members"), as follows:

a.      **Payments to Individual Collective Action Members**.  Eligible employees who complete and timely return the attached Consent to Join and Release will receive a payment representing additional half-time pay for over 4 hours of overtime per week employed as a Field Service Technician dating back to June 1, 2016 (and earlier for the Named Plaintiffs who opted into the Lawsuit as of the date it was filed).   The total amount of these payments for all Participating Collective Action Members will not exceed Ninety-Three Thousand Three Hundred Fifteen Dollars and No Cents ($93,315.00).   One-half of each payment will be allocated to wages and reported on a W-2 Form, and the other half deemed interest and liquidated damages and reported on a Form 1099. Payments that are issued shall reflect all applicable withholdings and previously authorized deductions.  Nothing contained in this Notice or in the Settlement is intended as or should be interpreted as providing tax advice, and Participating Collective Action Members should consider consulting their tax advisors concerning the tax consequences of any payment they receive.   Each of the Participating Collective Action Members who submits a Consent to Join and Release shall be deemed to have, and by operation of the judgment shall have, fully, finally, and forever released, relinquished and discharged the Company and the other released parties as defined in the Stipulation of Settlement from any and all claims alleging violation of federal, state and/or local statute, regulation, ordinance or common law relating to the payment of wages or overtime in

**EXHIBIT 1**

connection with employment with the Company that were raised or could have been raised in the Lawsuit, including any associated claims for wages, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any either item of damages, and/or attorneys' fees and costs, through the date on which the Company receives the Participating Collective Action Members' Consent to Join and Release.

b.    **Named Plaintiff Incentive Awards**.  Named Plaintiffs have applied to the Court and been approved to receive Incentive Awards totaling $20,000.00 for serving as named plaintiffs and for their time and effort prosecuting the litigation.

c.    **General Releases**.  In exchange for general releases of all claims beyond those asserted in the Lawsuit to be signed by Plaintiffs, the Company shall pay a total gross amount of Thirty-One Thousand Eight Hundred Fifty-Two Dollars and No Cents ($31,852.00) to Plaintiffs Smith, Berdanier and Heiner.

d.    **Attorneys' Fees and Costs**.  Counsel for the FLSA Collective has applied to the Court and been approved to receive attorneys' fees and costs in the amount of Seventy-Three Thousand Three Hundred Thirty-Three Dollars and No Cents ($73,333.00) and One Thousand Five Hundred Dollars and No Cents ($1,500.00) in out-of-pocket costs and expenses.

5.    **Your Options**.  If you wish to participate in this Settlement and receive your share of the Settlement proceeds, you must fill out and return the enclosed Consent to Join and Release in the enclosed postage-prepaid envelope addressed to the Claims Administrator so that it is post-marked no later than [DATE].  If you do not wish to participate in this Settlement, you do not need to respond to this Notice.  However, if you choose not to respond, consider consulting with Plaintiffs' attorneys (contact information below) or other counsel because, if you do not participate in this Settlement, with the passage of time, the statute of limitations on your claims will continue to run and could eventually prevent you from bringing your claims.

6.    **Attorneys for Plaintiff**.  The following attorneys represent the Plaintiffs in the Lawsuit and Participating Collective Action Members, and  can answer any questions you may have about the Settlement:  Derrek W. Cummings, Esquire or Larry A. Weisberg, Esquire of the law firm of Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA 17110-9380; Telephone: 866-716-2315.

7.    **No Retaliation or Undue Influence**.  State and federal law prohibit employers from retaliating against employees who exercise their rights under the wage and hour laws.  The Company will not take any adverse employment action or otherwise retaliate or discriminate against anyone who does or does not opt into the Settlement.

8.    **Limitations on Publication**.  If you opt into the Settlement, you and the Attorneys for Plaintiffs agree that they will not issue any press release, answer any press

**EXHIBIT 1**

inquiries or make any website or public social media postings (including blog posts, public Facebook postings, and the like, but not including private communications) regarding the terms of this Settlement or any portion thereof.

9.     **Additional Information**.  If you have any questions about this Notice or would like additional information about the Lawsuit and/or Settlement, you may contact the attorneys for Plaintiffs listed above.   The Parties have consented to the jurisdiction of the Magistrate Judge.  PLEASE DO NOT CONTACT THE CLERK OF COURT OR THE MAGISTRATE JUDGE WITH INQUIRIES.

BY ORDER OF THE COURT

Dated: _____          _____
                                    The Honorable Susan E. Schwab
                                    Chief Magistrate Judge
                                    United States District Court for the
                                    Middle District of Pennsylvania

**EXHIBIT 1**

# CONSENT TO JOIN AND RELEASE

*Brandon Smith, Todd Berdanier and Nick Heiner, individually and on behalf of all others similarly situated v. Bell-Mark Technologies Corporation, United States District Court for the Middle District of Pennsylvania, Case No. 1:17-cv-01600*

**COMPLETE, SIGN AND MAIL IN ENCLOSED ENVELOPE TO:**
**[_____]**

## I.    CLAIM INFORMATION

**YOU MUST TIMELY COMPLETE, SIGN AND RETURN THIS CLAIM FORM TO SHARE IN THE SETTLEMENT**

Please type or print the following identifying information (sign on the last page of this form):

Name:                    _____

Street Address:          _____

                         _____

City/State/Zip           _____

Social Security No.      (last 4 digits only)_____

Telephone No.            _____

Your share of the Settlement is a gross amount of $_____, $_____ of which is subject to withholding for wages based on the W-4 last on file.  **You may submit an updated W-4 with this Consent to Join and Release**.  Your share of the Settlement represents additional half-time pay for approximately four (4) hours of overtime per workweek (over and above the salary that you were already paid for such hours) that you have been employed as a Field Service Technician dating back to June 1, 2016 (earlier for the Named Plaintiffs who opted into the Lawsuit as of the date it was filed).

## II.    WAIVER AND RELEASE

My signature below constitutes a full and complete release of Bell-Mark Technologies Corporation and its parents, subsidiaries, affiliates (including Bell-Mark Sales Co., Inc.), and any and all of their respective officers, directors, owners, members, shareholders, employees, attorneys, agents, heirs, successors and assigns ("Released Parties"), from any and all claims alleging violation of federal, state and/or local statute,

**EXHIBIT 1**

regulation, ordinance or common law relating to the payment of wages or overtime in connection with employment with Defendant Bell-Mark that were raised or could have been raised based in the Lawsuit, including any associated claims for wages, penalties, liquidated damages, interest, compensatory damages, punitive damages, or any other item of damages, and/or attorneys' fees and costs, through the date on which Defendant receives this Consent to Join and Release.

.I hereby agree not to initiate any legal action against Bell-Mark Technologies Corporation or any other Released Party asserting any claims released by this Waiver and Release.

## III.   CONSENT TO JOIN

I understand that this Lawsuit is being brought under the federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA").  I hereby consent and opt in to become a Plaintiff in this Lawsuit.

I consent and agree to be bound by the collective action Settlement approved by my attorneys and approved by this Court as fair, adequate and reasonable.

I hereby designate Derrek W. Cummings, Esquire and Larry A. Weisberg, Esquire of the law firm Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA 17110-9380, to represent me in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing information supplied by me is true and correct and that this Consent to Join and Release was executed on the date and at the place noted below.


Dated: _____          _____
                                    Signature


City/State: _____          _____
                                    Printed Name


**EXHIBIT 1**

Bell-Mark/Smith - Settlement Payments to Participating Collective Action Members

| | Name | Later of Hire Date or Limitations Start | Later of Term Date or Settlement Date | Workweeks as of Settlement Date | Settlement Payment |
|---|---|---|---|---|---|
| 1 | Berdanier, Todd | 03/13/17 | 05/19/17 | 10 | $560 |
| 2 | 002 | 06/01/16 | 04/01/19 | 147 | $8,280 |
| 3 | 003 | 10/29/18 | 04/01/19 | 22 | $1,280 |
| 4 | 004 | 06/01/16 | 08/17/18 | 115 | $6,460 |
| 5 | 005 | 06/01/16 | 04/01/19 | 147 | $8,280 |
| 6 | 006 | 12/28/16 | 04/01/19 | 117 | $6,600 |
| 7 | 007 | 06/01/16 | 04/01/19 | 147 | $8,280 |
| 8 | Heiner, Nick | 09/08/14 | 08/04/17 | 152 | $8,553 |
| 9 | 009 | 06/01/16 | 06/01/18 | 104 | $5,825 |
| 10 | 010 | 06/01/16 | 04/01/19 | 147 | $8,280 |
| 11 | 011 | 12/03/18 | 04/01/19 | 17 | $1,000 |
| 12 | 012 | 06/01/16 | 09/02/16 | 15 | $850 |
| 13 | 013 | 11/10/17 | 04/01/19 | 72 | $4,075 |
| 14 | 014 | 06/01/16 | 04/01/19 | 147 | $8,280 |
| 15 | 015 | 11/06/17 | 08/03/18 | 39 | $2,180 |
| 16 | 016 | 11/19/18 | 04/01/19 | 15 | $850 |
| 17 | 017 | 06/01/16 | 08/03/18 | 113 | $6,320 |
| 18 | 018 | 06/01/18 | 04/01/19 | 43 | $2,230 |
| 19 | Smith, Brandon | 04/26/17 | 08/16/17 | 17 | $982 |
| 20 | 020 | 10/23/17 | 04/01/19 | 74 | $4,150 |
| | | | TOTAL | 1,660 | $93,315 |

Estimated Workweeks since Settlement Date      312
Total Workweeks in Settlement      1,972
Average Settlement Per Workweek      **$47.32**

EXHIBIT 2

## WAIVER AND RELEASE OF ATTORNEYS' LIEN

IN CONSIDERATION OF the payments by Defendant Bell-Mark Technologies Corporation of an amount to be approved by the Court up to Two Hundred Twenty Thousand Dollars and No Cents ($220,000.00) to Participating Collective Action Members, Named Plaintiffs and Plaintiffs' Counsel of record, including $74,833 in attorneys' fees and costs payable to Weisberg Cummings P.C., in full settlement and satisfaction of the claims alleged in *Brandon Smith, Todd Berdanier, and Nick Heiner, individually and on behalf of other similarly situated v. Bell-Mark Technologies Corporation* in the United States District Court for the Middle District of Pennsylvania under Case No. 1:17-cv-01600, the undersigned attorneys hereby waive and release Defendant, and its past and present parents, subsidiaries and affiliates, and their respective past and present predecessors, successors, assigns, representatives, officers, directors, owners, members, agents, attorneys, employees, and administrators ("Released Parties") from any and all claims for attorneys' fees and costs, by lien or otherwise, for legal services rendered by the undersigned in connection with any claims or causes of action that Plaintiffs brought or may have brought to date against Defendant and/or the Released Parties.

The undersigned certify that to the best of their knowledge, no other person is entitled to any sum for attorneys' fees or costs in connection with the claims or causes of action (or potential claims or causes of action) described above, other than Weisberg Cummings, P.C., 2704 Commerce Drive, Suite B, Harrisburg, PA 17110.  Should any dispute arise regarding same, it shall be resolved exclusively among those purporting to represent Plaintiffs in this matter, with no further payment of any kind by Defendant or other Released Party.

Dated:  October 1, 2019              WEISBERG CUMMINGS, P.C.


                                     */s/ Derrek W. Cummings*
                                     Derrek W. Cummings, Esquire
                                     Larry A. Weisberg, Esquire
                                     WEISBERG CUMMINGS, P.C.
                                     2704 Commerce Drive, Suite B
                                     Harrisburg, PA 17110-9380
                                     Telephone:  717.238.5707
                                     Facsimile:  717.233.8133
                                     dcummings@weisbergcummings.com
                                     lweisberg@weisbergcummings.com

                                     *COUNSEL FOR PLAINTIFFS*


**EXHIBIT 3**